Joanna A. Diakos (JD-7269)
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901

*Attorneys for Standex International Corporation and*
*Bakers Pride Oven Co., LLC f/k/a BPOC Acquisition Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

| | |
|---|---|
| STANDEX INTERNATIONAL CORPORATION and BAKERS PRIDE OVEN CO., LLC f/k/a BPOC ACQUISITION CO., INC., | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| QCP, INC. f/k/a BAKERS PRIDE OVEN CO., INC., | ) ) ) ) |
| Defendant. | ) |

Civil Action No._____

-----------------------------------------------------------

## COMPLAINT

Plaintiffs Standex International Corporation ("Standex") and Bakers Pride Oven Co., LLC f/k/a BPOC Acquisition Co., Inc., ("BPOC") bring this action against QCP, Inc. f/k/a Bakers Pride Oven Co., Inc. ("QCP") and allege as follows:

### PARTIES

1. Plaintiff Standex is a corporation organized under the laws of the State of Delaware with its principal place of business in New Hampshire.

2. Plaintiff BPOC is a corporation organized under the laws of the State of Delaware with its principal place of business in Texas.

3. Defendant QCP is a corporation organized under the laws of the State of New York with its principal place of business in New York.

## JURISDICTION AND VENUE

4. The foregoing allegations are incorporated as if fully set forth herein.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship because Plaintiffs are not citizens of New York, Defendant is a citizen of New York, and the amount in controversy exceeds $75,000.00.

6. Pursuant to an Asset Purchase Agreement dated July 20, 1995 (the "APA"), the parties agreed to irrevocably and unconditionally consent to the exclusive jurisdiction of the federal courts of the State of New York and of the United States of America. A true and correct copy of the relevant portions of the APA is attached hereto as Exhibit A ("Ex. A"). See Ex. A, APA, Section 7.11.

7. Jurisdiction is also proper since this action seeks a declaration pursuant to 28 U.S.C. §2201 of the parties' rights and obligations under the APA.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District and Defendant resides in this District.

## FACTUAL BACKGROUND

9. Pursuant to the APA, QCP (then known as Baker's Pride Oven Company, Inc.) and its shareholders, on the one hand, and BPOC Acquisition Company, Inc., on the other hand, entered into an agreement for the sale of certain defined assets, including tangible personal property and equipment, inventory, accounts receivable, the "Baker's Pride" corporate name, and other assets. Ex. A, APA, Section 1.01.

10. Under the terms of the APA, QCP retained certain assets set forth on Schedule 1.02 of the APA. Ex. A, APA, Section 1.02.

11. Section 1.03 of the APA also provides that BPOC "shall assume and agree to pay **only** the liabilities and obligations of Seller [QCP] listed on Schedule 1.03 (the "Assumed Liabilities")." Ex. A, APA, Section 1.03 (emphasis added).

12. Schedule 1.03 of the APA sets forth the "Assumed Liabilities," which include "Product liabilities based on events that occurred after the Closing Date." Ex. A, APA, Schedule 1.03.

13. The APA defines the Closing Date as July 20, 1995. Ex. A, APA, Section 1.04.

14. The APA further provides that BPOC "shall **not assume or be liable for** any other liabilities or obligations of Seller [QCP] unless expressly provided for" in the APA. Ex. A, APA, Section 1.03 (emphasis added).

15. In keeping with the parties' intent, the APA also provides that "the Seller [QCP] and its representatives shall have reasonable access to all such books and records … **for the purpose of defending claims**." Ex. A, APA, Section 4.01 (emphasis added).

16. Standex is not a party to the APA and did not assume any liabilities of QCP pursuant to the APA.

17. The APA sets forth the indemnity obligations of QCP and its shareholders as follows:

> <u>Section 6.01. Seller's and Shareholders' Indemnity</u>. Subject to the terms and conditions of this Article VI, Seller and Shareholders, jointly and severally, hereby agree to indemnify, defend and hold harmless Purchaser and its officers, directors, agents, attorneys, and affiliates from and against all losses, claims, obligations, demands, assessments, penalties, liabilities, costs, damages, reasonable attorneys' fees and expenses (collectively "Damages"), asserted against or incurred by them by reason of or resulting from:
>
> \*   \*   \*
>
> (b)   Any product liability based on events that occurred on or prior to the Closing Date;
>
> \*   \*   \*
>
> (h)   Any liability of Seller not specifically assumed by Purchaser herein;

\*     \*     \*

Ex. A, APA, Section 6.01.

18. The APA sets forth the indemnity obligations of BPOC as follows:

Section 6.02.  <u>Purchaser's Indemnity</u>.  Subject to the terms and conditions of this Article VI, Purchaser hereby agrees to indemnify, defend and hold harmless Seller and Shareholders and Seller's officers, directors, agents, attorneys, and affiliates from and against all Damages asserted against or incurred by them by reason of or resulting from:

\*     \*     \*

(b) The failure of Purchaser to pay, perform and discharge when due any Assumed Liabilities;

\*     \*     \*

Ex. A, APA, Section 6.02.

19. The APA provides that the Closing was to occur on July 20, 1995.

20. On or about July 24, 1995, the Seller, Bakers Pride Oven Co., Inc., a New York corporation, changed its name to QCP, Inc.

21. On or about July 26, 1995, BPOC Acquisition Company changed its name to Bakers Pride Oven Co., Inc., a Delaware corporation.

22. On or about January 9, 2007, Standex purchased all shares of BPOC's corporate parent.

23. Standex is a corporate affiliate of BPOC.

24. The APA provides that it shall be governed by and construed in accordance with the laws of the State of Texas.  Ex. A, APA, Section 7.11.

## THE UNDERLYING ASBESTOS CLAIMS

25. Standex and BPOC have been named and anticipate that they will continue to be named as defendants in numerous claims alleging bodily injury from exposure to asbestos allegedly contained in "Baker's Pride" ovens manufactured, distributed, sold or installed by QCP

(then known as Bakers Pride Oven Co., Inc., a New York corporation) prior to the Closing Date of the APA (hereinafter the "Asbestos Claims").

26. QCP also has been named as a defendant in numerous Asbestos Claims and likely will be so named in the future.

27. The Asbestos Claims generally allege, among other things, that claimants were exposed to and ingested asbestos fibers and developed asbestos-related diseases as the proximate result of one or more of the following and/or similar allegations:

(a) Defendants incorporated asbestos into their products notwithstanding that the Claimant's inhalation, ingestion, absorption or exposure to asbestos was foreseeable;

(b) Defendants incorporated asbestos into their products even though they knew or should have known that asbestos would have a deleterious effect on anyone who was exposed to asbestos;

(c) Defendants incorporated asbestos into their products even though adequate substitutes were available;

(d) Defendants failed to warn those working with or around their products of the dangers;

(e) Defendants failed to provide adequate instructions to users of their products, including instructions on how to avoid inhaling, ingesting or otherwise being exposed to the asbestos in their products;

(f) Defendants failed to conduct tests on the asbestos-containing products manufactured, distributed, sold or installed by them to determine the hazards posed to those working with or around them; and/or

(g) Defendants designed, manufactured, sold, distributed, delivered, processed, specified, applied and/or installed equipment, vehicles, machinery or systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacements or components.

28. On information and belief, all of the allegations set forth in subsections (a) through (g) of the foregoing paragraph, including the manufacture, distribution, sale or installation of the asbestos-containing ovens to which any claimants allegedly were exposed, occurred a decade or more prior to the Closing Date of the APA.

29. Since BPOC's acquisition of certain assets and liabilities pursuant to the APA, BPOC has not manufactured, distributed, sold or installed any "Baker's Pride" ovens containing asbestos.

30. The past, present and future Asbestos Claims constitute product liabilities "based on events that occurred on or prior to the Closing Date" within the meaning of the APA.

31. Pursuant to the terms of the APA, QCP retained liability for the past, present and future Asbestos Claims.

32. For nearly 20 years, Standex and/or BPOC tendered the Asbestos Claims that name them as defendants to QCP and/or its agents, and QCP and/or its agents defended and resolved the Asbestos Claims.

33. Standex and BPOC fully complied with any and all obligations under the APA, including any obligations to provide notice of the Asbestos Claims to QCP and to cooperate with QCP in the defense of the Asbestos Claims.

34. In multiple proceedings, Thomas Nixon, President and shareholder of QCP and a party to the APA, testified under oath that QCP retained liability for the Asbestos Claims.

35. Beginning in 2015, QCP and/or its agents have failed and refused to indemnify, defend and hold harmless Standex and BPOC from and against the Asbestos Claims.

36. Standex and BPOC have demanded that QCP discharge its obligations under the APA with respect to the Asbestos Claims.

37. Standex and/or BPOC have satisfied any and all conditions and requirements to seek indemnity as set forth in the APA.

38.     Standex and BPOC have been damaged by QCP's failure to discharge its obligations with respect to the Asbestos Claims, including its obligation to defend and indemnify Standex and BPOC against the Asbestos Claims.

## CLAIMS FOR RELIEF

### Count 1
### (Declaratory Judgment)

39.     The foregoing allegations are incorporated as if fully set forth herein.

40.     On information and belief, QCP disputes that the past, present and future Asbestos Claims constitute product liabilities "based on events that occurred on or prior to the Closing Date" within the meaning of the APA.

41.     On information and belief, QCP disputes that it retained liability for the past, present and future Asbestos Claims under the APA.

42.     The foregoing allegations state an actual and justiciable controversy over the nature and extent of the parties' obligations under the APA with respect to the past, present and future Asbestos Claims.

43.     This Court has the power to render a declaratory judgment under 28 U.S.C. § 2201 and to render all necessary and proper relief under 28 U.S.C. § 2202 in a case such as this, where an actual controversy necessitates such a judgment.

44.     Declaratory relief from this Court will resolve this controversy, at least in part.

45.     Pursuant to 28 U.S.C. § 2201 et seq., Standex and BPOC request a declaratory judgment that, under the APA, QCP retained liability for the past, present and future Asbestos Claims, that neither Standex nor BPOC assumed liability for the past, present and future Asbestos Claims under the APA, that neither Standex nor BPOC bear any liability for any alleged costs or damages associated with the past, present and future Asbestos Claims, that Standex and BPOC fully complied with any and all obligations under the APA, and that QCP must fully defend, indemnify and hold harmless Standex and BPOC with respect to the past, present and future Asbestos Claims.

## Count 2

### (Breach of Indemnification Obligation)

46. The foregoing allegations are incorporated as if fully set forth herein.

47. Pursuant to Section 6.01 of the APA, QCP is jointly and severally liable to indemnify, defend and hold harmless Standex and BPOC from and against the past, present and future Asbestos Claims.

48. BPOC and Standex have fully complied with all conditions to indemnification under the APA.

49. Despite their demands for indemnification, QCP has failed and refused to honor its indemnification obligations under the APA.

50. As a direct and proximate result of the aforesaid breach, Standex and BPOC have sustained damages in an amount to be proven at trial, but exceeding $75,000.

51. Standex and BPOC are entitled to all direct, indirect, consequential, special, compensatory and other damages including attorneys' fees and costs, resulting from the aforesaid breach.

## PRAYER FOR RELIEF

WHEREFORE, Standex and BPOC pray that this Court:

(a) declare that QCP retained liability for the past, present and future Asbestos Claims;

(b) declare that neither Standex nor BPOC assumed liability for the past, present and future Asbestos Claims;

(c) declare that neither Standex nor BPOC bear any liability for any alleged costs or damages associated with the past, present and future Asbestos Claims;

(d) declare that QCP must fully defend, indemnify and hold harmless BPOC and Standex with respect to the past, present and future Asbestos Claims;

(e) award Standex and BPOC direct, consequential, and incidental compensatory damages caused by QCP's breach of the APA in an amount to be determined at trial,

  including its reasonable attorneys' fees and costs of this action together with pre-judgment and post-judgment interest; and

 (f) award such other and further relief as this Court deems just and proper.

Dated: New York, New York
    January 22, 2016

Respectfully submitted,

K&L GATES LLP

By /s/Joanna A. Diakos
Joanna A. Diakos
Joanna.DiakosKordalis@klgates.com
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 536-3900
Facsimile:  (212) 536-3901

Thomas E. Birsic, Esquire (*pro hac vice* to be submitted)
Thomas.Birsic@klgates.com
Kay M. Brady, Esquire (*pro hac vice* to be submitted)
Kay.Brady@klgates.com
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Tel: +1.412.355.6500
Fax: +1.412.355.6501

*Attorneys for Plaintiffs*